E. C. LINGER, *Plaintiff in Error,* vs. R. C. BALFOUR, *Defendant in Error.*

136 So. 433.

Division B.

Opinion filed July 28, 1931.

*Walker & Wilson,* of Bartow, for Plaintiff in Error;

*Holland & Bevis* and *Robert L. Hughes,* of Bartow, for Defendant in Error.

PER CURIAM.—At common law, the venue of a transitory action could be laid in any county where the court could get jurisdiction of the person of the defendant. The defendant had no "privilege" of being sued at any particular place. However, as service could not be had on a defendant outside the county where it was issued, the plain-

tiff necessarily had to bring his suit in the county where he could serve the defendant.

Our statute Section 4234, C. G. L. provides that all process shall run throughout the State, and therefore process may be issued in one county and served in any other county in the State.

Going on the common law theory that a transitory action could be brought in any county so long as the court got jurisdiction of the person, a suit on a transitory action may now be brought in any county and service had in any other county, except for other provisions of our statutes limiting the places where suits may be brought, or giving the defendant the *privilege* of being sued in a particular county.

These *privileges* are creatures of statute and not of the common law.

Our statutes are a limitation upon the common law, rather than an enlargement of it. Section 4219 C. G. L., by its very language indicates this, for it says, "Suits shall only be begun" etc. There is no statutory privilege provided for the nonresident to be used on a cause of action arising out of the State at a particular place in this State. Therefore, the common law rule must apply to him, and he may be sued anywhere on a transitory action so long as the court has jurisdiction of his person.

The ruling of the court below on this writ of error was contrary to the foregoing principles and therefore the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.