**STATE OF FLORIDA, ex rel. MARY E. BERNHART and CHARLES BERNHART, her husband, v. BURTON BARRS, as Judge of the Civil Court of Record in and for Duval County, Florida.**

12 So. (2nd) 576                 January Term, 1943
March 26, 1943                        Division A

*Will O. Murrell* and *John E. Lake,* for appellants.

*McCarthy, Bond & Lane,* and *William B. Bond,* for appellee.

TERRELL, J.:

Appellants instituted an action for personal injuries in the Civil Court of Record for Duval County against Robert James and Crystal M. Peebles. The foundation for the action was an automobile accident which occurred in Nassau County. The defendants filed a plea of privilege alleging they were citizens of West Virginia and claimed the right to be sued in Nassau County, where the cause of action accrued. A demurrer to the plea of privilege was overruled and a motion to dismiss the cause was granted.

Appellants then filed petition for alternative writ of mandamus in the Circuit Court of Duval County praying that appellee be required to take jurisdiction of and proceed with the cause or show cause why he refused to do so. A motion to quash the alternative writ was sustained, the cause was dismissed, and this appeal was prosecuted.

The question presented is whether a non resident may claim the privilege of being sued in the county where the cause of action accrued. It turns on the interpretation of Section 46.01, Florida Statutes of 1941, as follows:

"Suits shall be begun only in the county (or if the suit is

in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is.

"If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents. (Nov. 21, 1829, Sec. 7 and c. 3721, Acts of 1887, Sec. 1.)"

The Circuit Court answered this question in the affirmative on authority of Payne v. Ivey, 83 Fla. 436, 93 So. 143; Linger v. Balfour, 102 Fla. 591, 136 So. 433; and McGowin v. McGowin, 122 Fla. 394, 165 So. 274, are also relied on by appellee to support the holding of the circuit court though it is admitted that their support is only inferential. In Payne v. Ivey, the defendant was the director general of railroads and lived in Washington but was administering property located in the county where the cause of action accrued.

The question posed is concluded by the effect given to the last sentence of the statute quoted,—"This section shall not apply to suits against non residents." Appellant contends that this provision excepts the non resident from the terms of the act and that he cannot claim the privilege of being sued in the county where the cause of action accrued while appellee contends that the quoted provision only limits the paragraph of the Act in which it occurs and being so, the first paragraph relating to venue applies to residents and non residents alike. A very thorough history of the provision is related to support this contention.

Under the common law, venue of a transitory action could be laid in any county where the court could secure jurisdiction of the person of the defendant. The right to lay venue in any county however was limited by the fact that service of process could not be had outside the county where it was issued. Section 46.01 was a limitation on the common law right to bring an action in any county where the defendant can be found.

Dicta in Payne v. Ivey, supra, leaves the impression that a non resident may claim the privilege to be sued in the

county where the cause of action accrued but in that case the non resident had property interest in that county and had a basis for his contention. The non resident in this case makes no such claim or shows no other reason why he should be sued in Nassau County.

In our view the last sentence of the quoted section has the effect of removing non residents from its scope. It is competent for the Legislature to do so and it imposes no undue hardship on the non resident. It enables the plaintiff with a grievance to catch him where he finds him; it puts them on the level and that is an important element in a rapid transit age. The law is a rule of conduct for the living and certainly should afford the offended as good a mount as the offender. If this is not true, the offender may impose on his victim, mount his motor driven steed, and bid au revoir to the law and its administrators.

The judgment appealed from is reversed with directions to decree in response to the views expressed in this opinion.

Reversed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.