89 So.2d 24 (1956)
Gloria G. KAUFFMAN, Petitioner,
v.
Annabel KING, a single woman, Respondent.
Supreme Court of Florida. En Banc.
July 27, 1956.
*25 Fowler, White, Gillen, Yancey & Humkey and Henry Burnett, Miami, for petitioner.
Nichols, Gaither, Green, Frates & Beckham, Miami, for respondent.
ROBERTS, Justice.
We here consider, on certiorari, an order of the Circuit Court in and for Dade County denying petitioner's motion to dismiss the respondent's suit on the ground of improper venue.
The respondent King, who was plaintiff below, filed a suit at law in the Circuit Court of Dade County against six defendants to recover on an alleged joint and several liability for injuries suffered by her in an automobile accident that occurred in Palm Beach County. Four of the defendants are residents of Palm Beach County, and the other two are individuals residing in another state. The issue here, as it was in the court below, is whether in these circumstances the defendant residents of Palm Beach County are entitled to claim the venue privilege granted by Section 46.01, Fla. Stat. 1955, F.S.A., of being sued in the county "where the defendant resides, or where the cause of action accrued * * *."
The trial judge's action in denying the petitioner, who was one of the resident defendants, the right to be sued in Palm Beach County was apparently based on the following provision of Section 46.01: "This section shall not apply to suits against non-residents." In defense of the trial judge's order, counsel for the plaintiff states that Section 46.01, being in derogation of the plaintiff's rights at common law, should be strictly construed against the claim of privilege; and he argues, syllogistically, that (1) the statute provides that it "shall not apply to suits against non-residents"; (2) the instant suit is one against non-residents; *26 (3) therefore, the statute does not apply to the instant suit. But the conclusion is correct only if we assume that, by the quoted provision, the Legislature intended the statute to be inapplicable in any suit in which a non-resident is a party defendant, regardless of whether other resident defendants are joined in the action. This is an unwarranted assumption, in our opinion.
In State ex rel. Bernhart v. Barrs, 1943, 152 Fla. 631, 12 So.2d 576, 577, in a suit filed solely against non-resident individual defendants, this court held that the quoted provision barred the defendants from claiming a privilege of being sued in the county where the cause of action accrued, and said that the provision in question "has the effect of removing non residents from [the statute's] scope." We think this fairly states the effect of the statute and, moreover, that the Legislature intended to do no more than that  that is, to make inapplicable to non-resident individual defendants the privilege thereby granted. We can conceive of no reason why the Legislature would intend to withhold from resident defendants the privilege, merely because a non-resident defendant happened to be joined as a party defendant. The interpretation contended for by plaintiff is not required by the language of the provision in question; and since it is, in our opinion, not only illogical but unreasonable, we decline to accept it.
It was, then, error to deny the defendant's motion based on improper venue, and we have concluded that it was an error of such character as should be corrected in the exercise of our discretionary power to issue the common-law writ of certiorari.
Common-law certiorari is a discretionary writ and ordinarily will not be issued by this court to review interlocutory orders in a suit at law, since such errors as are made may be corrected on appeal. It is only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, that this court will exercise its discretionary power to issue the writ. Cf. Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541; Seaboard Air Line R. Co. v. Timmons, Fla., 1952, 61 So.2d 426; Atlantic Coast Line R. Co. v. Allen, Fla. 1949, 40 So.2d 115; Saffran v. Adler, 1943, 152 Fla. 405, 12 So.2d 124; State v. Powell, Fla. 1953, 66 So.2d 672.
The instant case is an exceptional one, under the above rule. The trial judge departed from the essential requirements of the law in denying to the resident defendants a privilege granted to them by statute; and we agree with counsel for the petitioner that it is palpably unjust to require her to incur the expense and be subjected to the inconvenience of defending this suit in Dade County and, in the event of an adverse verdict (which would be reversed by this court on appeal, for the reasons above stated) to have to spend additional time and money to defend it again in Palm Beach County. Her remedy by appeal is, in such circumstances, inadequate. Cf. Tantillo v. Miliman, Fla. 1956, 87 So.2d 413.
Accordingly, certiorari is granted and the order here reviewed is quashed.
It is so ordered.
DREW, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.
THOMAS and THORNAL, JJ., dissent.