HORTON, Chief Judge.
This interlocutory appeal grew out of the same order appealed in case No. 60-431, Greyhound Corp. v. Rosart, Fla.App., 124 So.2d 708.
Briefly we state the facts as they apply to the issues raised on this appeal. The appellant is a foreign corporation neither authorized to do business, nor having agents or representatives in the State of Florida. An automobile owned by the appellant was involved in an accident in St. Johns County, Florida, with a bus owned and operated by the Greyhound Corporation, a foreign corporation, doing business in Florida. The-appellee wife was a passenger on the Greyhound bus and claimed damages as a result of injuries sustained in the accident.
The appellant here first contends that as a foreign corporation not doing business in the State of Florida, and having no agents or representatives, it is entitled to the privilege of being sued in the county where the cause of action accrued, to wit: St. Johns-County, Florida. Our attention has not been directed to, nor are we aware of, any statutes or decisions granting such a privilege.
It should be observed that since the appellant, a non-resident corporation, did not have an agent or representative in Florida, and did not do business within the state, service of process was effected under §§ 47.29 and 47.30, Fla.Stat., F.S.A., which provides for substituted service upon a non-resident automobile owner by service upon the Secretary of State. See Bowman v. Atlanta Baggage & Cab Co., D.C.1959, 173 F.Supp. 282. These non-resident motorist statutes do not contain venue provisions as such, and our general venue statutes,[1] although containing provisions applicable to domestic corporations and foreign corporations doing business within the state, do not grant such privilege to a foreign corporation which is not doing business in Florida. Section 46.04, Fla.Stat., F.S.A.
In State ex rel. Bernhart v. Barrs, 152 Fla. 631, 12 So.2d 576, which involved am action against an individual non-resident motorist, the Supreme Court determined that the legislature did not intend to extend to non-resident defendants the venue privilege granted by the statute,[2] and held that the action could be brought in any county where the defendant could be found.
There being no venue provisions as such in the non-resident motorist statutes, and *714 'the general venue statutes failing to provide any venue privilege for foreign corporations not doing business in the state, we conclude, as did the Supreme Court in the Bernhart case, that the common-law rule governs. See Alcarese v. Stinger, 197 Md. 236, 78 A.2d 651, and other cases collected in 38 A.L.R.2d 1198. Of course, under common law, venue of a transitory action, as is the present case, could be laid in any county where the court could secure jurisdiction of the defendant. See Linger v. Balfour, 102 Fla. 591, 136 So. 433; State ex rel. Bernhart v. Barrs, supra.
The second question urged by the appellant is the right of a trial judge to transfer a cause of action under the doctrine of forum non conveniens and whether, under the circumstances and facts of this case, he should have exercised that right. This question has heretofore been treated in case No. 60-431, and we feel that the answer there suffices in this instance.
Accordingly, the order appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.

. Chapter 46, Fla.Stat., F.S.A.

. Section 46.01, Fla.Stat., F.S.A.