352 So.2d 64 (1977)
Shirley F. PERKINS and Virgil Perkins, Appellants,
v.
Robert H. PARE, M.D., and Martin Memorial Hospital Association, Inc., a Nonprofit Florida Corporation d/b/a Martin Memorial Hospital, Appellees.
No. 76-1755.
District Court of Appeal of Florida, Fourth District.
April 15, 1977.
Rehearing Denied September 28, 1977.
Dennis J. Hightower of Whitaker, Koepke & Associates, Orlando, for appellants.
Michael B. Davis of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellee, Pare.

OPINION ON PETITION FOR REHEARING
MAGER, Chief Judge.
Upon due consideration of the petition and after review of the record we are of the opinion that while an interlocutory appeal does not lie the matter should proceed for review by way of common law certiorari. Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974); Kauffman v. King, 89 So.2d 24 (Fla. 1956); see also Article V, section 2, Florida Constitution (1968).
The order, for which review is sought by interlocutory appeal, is an "Order Extending Time For Mediation Hearing." The appellant contends that the circuit judge acting as a judicial referee (under Section 768.133(2), Florida Statutes, renumbered Section 768.44(2), Florida Stat. (Supp. 1976)) *65 lacked the power to extend the time for a mediation hearing panel to hear and determine a mediation claim beyond the 10-month designated period prescribed in Section 768.133(3), Florida Statutes, renumbered Section 768.44(3), Florida Statutes (Supp. 1976).
The appellant presents a substantial issue for this court to review which directly affects the jurisdiction of the mediation panel over both the subject matter and the parties. If, as the appellant contends, the jurisdiction of the mediation panel terminated ten months after the claim was filed, then the order of the judicial referee "extending time for mediation hearing" is arguably an act "without or in excess of jurisdiction" or an order which "does not conform to the essential requirements of law and which may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, ..." Kauffman v. King, supra, at p. 26. See also Steak Enterprises, Inc. v. Claus, 341 So.2d 203 (Fla. 4th DCA 1976), and State ex rel. Mercy Hospital v. Vann et al., Third District Court of Appeal, 342 So.2d 1073, opinion filed March 1, 1977.
Medical liability mediation panels are "strange animals," the nature of which is such that they are not capable of being characterized as falling within the scope of either Fla.App. Rule 4.2 or Section 120.68(1), Florida Statutes (Supp. 1976) (the latter relating to judicial review from intermediate agency actions). A mediation panel is not the type of tribunal that may be said to render "interlocutory orders in civil actions" or be involved in "intermediate agency action" within the contemplation of Fla.App. Rule 4.2 a, or Section 120.68(1), Florida Statutes (Supp. 1976), respectively. Under these circumstances, common law certiorari appears to be the most logical and appropriate method (if not the only method of review). 5 Fla.Jur., Certiorari, § 8.
Where the legislature establishes a procedure to provide "reforms" in medical malpractice actions and where during the course of the administration of such procedures an injury or wrong is alleged, then the aggrieved party must be afforded a concomitant right of access to the court for redress of such injury or wrong. Article I, section 21, Declaration of Rights, Florida Constitution (1968). There is no principle of law more fundamental than that which declares for every wrong there is a remedy. Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780 (1931).
It would be appropriate in light of the particular circumstances of this case and the action herein for this court to offer the following gratuitous reflections. The notion of rendering justice is not simply an empty concept to which "lip service" is given. We must never lose sight in the avalanche of litigation of the fundamental objective of the judicial process, namely, to render justice. If it means that the court must take a proverbial "deep breath and swallow" and undo an act which at the time it was done was seemingly correct in order to reach what is now perceived to be a just determination  then so be it!
Accordingly, rehearing is granted, the order of February 15, 1977 vacated and set aside and the case proceed by way of common law certiorari.
CROSS and DOWNEY, JJ., concur.