PER CURIAM.
The trial court granted a motion for change of venue filed by the defendant, Auto-Train Corporation (Auto-Train). This interlocutory appeal follows, and we have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(A).
Irving Rodin and Regina Rodin, his wife, (Rodin), filed a complaint in Dade County on June 18, 1979, seeking damages for injuries sustained on August 18, 1975, while he was a passenger on defendant’s train traveling from Virginia to Florida. Auto-Train’s motion asserted that venue was improperly laid under the provisions of Section 47.051, Florida Statutes (1977)[1] in that *DCCCXCI Auto-Train is a Florida corporation and has its principal place of business and its office for the transaction of its customary business in Seminole County, Florida. An affidavit in support of said motion states that Auto-Train did not maintain an office nor did it have any agents in Dade County.
Both parties agree that the cause of action did not occur in Dade County and that Auto-Train is a domestic corporation. Since there is no property in litigation, the sole issue is whether Auto-Train had, or kept, an office in Dade County for the transaction of its customary business. We think not.
The Rodins argue that venue was properly laid in Dade County because American Automobile Association (AAA) officers in Dade County had sold tickets for Auto-Train from April of 1978 until August of 1978. If it were found that the sale of tickets created an agency relationship, the present ruling would remain unaffected because the statutory provisions concerning an agent apply to foreign corporations only. Majestic II Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979). It is not necessary for us to further consider this remaining issue since the facts presented to us show that this action was filed on June 20, 1979. On this filing date the sale of tickets by AAA had long been terminated and no relationship existed with Auto-Train. Gates v. Stucco Corp., 112 So.2d 36 (Fla. 3d DCA 1959).
The order of the trial court is affirmed.

. Section 47.051, Florida Statutes (1977) provides:
“Actions against domestic corporations shall be brought only in the county where such cor *DCCCXCI poration has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.”