378 So.2d 1336 (1980)
CLEVELAND COMPANIA MARITIMA, S.A. PANAMA, a Foreign Corporation, Appellant,
v.
Pantelis LOGOTHETIS, Appellee.
Nos. 79-770, 79-782.
District Court of Appeal of Florida, Second District.
January 18, 1980.
*1337 Nathaniel G.W. Pieper of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant-petitioner.
W.H. Beckham, Jr., and Joel D. Eaton of Podhurst, Orseck & Parks, P.A., Miami, and Wagner, Cunningham, Vaughan & Genders, P.A., Tampa, for appellee-respondent.
RYDER, Judge.
Cleveland Compania Maritima, S.A. appeals the denial of its motion to dismiss or transfer due to improper venue, alleging the court erred in finding venue to be proper in Hillsborough County. We affirm.
Appellant is a Panamanian corporation residing in Greece, whose ship, the Sao Paulo, conducts an essentially United States business trading between east coast ports in the U.S. and South America. Appellant operates through a Greek general agent, George Roussos Sons, S.A. The Sao Paulo was chartered by a Norwegian corporation, Ivarans Rederi, S.A. on a renewed three year charter. The captain stated that the ship had been chartered to Ivarans lines since it was built in Norway in 1959. The detailed charter agreement provides essentially that appellant maintain the ship and crew, while Ivarans directs the ship's schedule and cargo. The agreement appoints the captain, an employee of appellant, to be under the orders of the charterers "as regards employment and agency." The agreement also appoints Ivarans to act as agent for appellant in regard to cargo claims and resultant legal proceedings.
Appellee, a Greek seaman and employee of appellant, was injured while the Sao Paulo was unloading at Boca Grande, Lee County, Florida. He brought a multi-count action in Hillsborough County Circuit Court, alleging that appellant was a corporation doing business in Hillsborough County, Florida.
The parties submitted several affidavits in support of their positions on the venue motion. Stavros Roussos, president of appellant's general agent, George Roussos Sons, S.A., stated that his firm maintains no offices in the United States. Iakavos Roussos, an officer of appellant, stated that his firm had transacted no business in the United States, and has no business office, base of operation, nor agents in the United States. Karl Liebig, manager of Interore Shipping in Tampa, stated that the Sao Paulo was in Tampa in July 1977 and April 1978, and in Boca Grande in July 1978. Liebig stated that Interore was engaged to act and paid on each of these occasions by Ivaran Line, and had never been engaged to act for appellant or George Roussos Sons. On deposition, Liebig stated that his firm was agent for the Sao Paulo when it stopped on Florida's west coast. The normal ports of call in the United States for the Sao Paulo, according to Liebig, were New York and Miami.
Appellee produced an open letter from George Roussos Sons, S.A. given to his brother to apparently assist him in obtaining entry to the United States to visit appellee in the hospital after the accident. The letter states that Roussos' agent at Tampa is Interore Shipping Corporation. Appellant admitted in response to a request for admissions that the Sao Paulo was in Miami in September 1978.
We initially note that as the party challenging venue, appellant had the burden of proof below to show venue was improper in Hillsborough County. Velez v. Mell D. Leonard & Associates, Inc., 338 So.2d 896 (Fla.2d DCA 1976). Findings of the lower court resolving conflicts in evidence, *1338 which are supported by competent evidence will not be disturbed on appeal. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla.1st DCA 1962). See Lovings v. Seaboard Coastline Railroad Co., 340 So.2d 1279 (Fla.3d DCA 1977); Jacquin-Florida Distilling Co. v. Reynolds, Smith & Hills, Architects-Engineers-Planners, Inc., 319 So.2d 604 (Fla.1st DCA 1975).
Section 47.051, Fla. Stat. (1977), provides that "Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, or where the cause of action accrued, or ... ." The general venue statutes fail to provide any venue privilege for foreign corporations not doing business in the state, and such action may be brought in any county where jurisdiction can be secured. Hollywood Memorial Park, Inc. v. Rosart, 124 So.2d 712 (Fla.3d DCA 1960). Thus, the lower court's finding of venue in Hillsborough County may be upheld if there is competent evidence either that appellant was not doing business in Florida, or that appellant was doing business in Florida and had an agent or representative in Hillsborough County.
We are not able to find authority interpreting the phrase "doing business" in Section 47.051. We note that a similar phrase, "operates, conducts, engages in, or carries on a business or business venture," appears in Section 48.193, the Florida long-arm statute. We have previously interpreted "doing business" in a predecessor long-arm statute to take Florida long-arm jurisdiction to the farthest extent permitted by the "minimum contacts" standard consistent with federal due process. Lake Erie Chemical Company v. Stinson, 181 So.2d 587 (Fla.2d DCA 1966). Federal courts have held minimum contacts sufficient to justify state jurisdiction over a shipowner whose vessel delivered cargo to New York, whose "doing business" statute gave jurisdiction over foreign corporations who "transact any business within the state." Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205 (2nd Cir.1970). We realize that doing business under the Florida long-arm statute may not be enough to constitute doing business under the statute providing substituted service of process on the secretary of state. See Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561 (Fla. 1975). We decline, however, to decide if "doing business" under the venue statute is equal to carrying on a business under either the jurisdiction or service statutes, since we hold that competent evidence would support the lower court's finding of doing business under either standard. The Sao Paulo, owned and operated by appellant, regularly stopped in Miami, and stopped on the west coast of Florida three times in the two years before the accident. We reject the possibility that the lower court found appellant was not doing business in Florida, as the above evidence would not support this result.
Since appellant was doing business in Florida, we must determine if competent evidence supports a finding that appellant had an agent or representative in Hillsborough County. Liebig testified that Interore was agent for the Sao Paulo. All parties admitted that Interore was agent for Ivarans Rederi. The charter agreement established that Ivarans was appellant's agent for cargo claims. Appellant and George Roussos Sons stated that Roussos was agent for appellant. Roussos represented in an open letter that its agent in Tampa was Interore. Thus, the evidence indicated that Interore was agent of appellant's agent Roussos, agent of appellant's limited agent Ivarans, and agent for the appellant's ship, the Sao Paulo.
A question of agency is one of fact to be determined by the trier of fact. Bernstein v. Dwork, 320 So.2d 472 (Fla.3d DCA 1975). The factfinder may find agency on circumstantial evidence, and may do so even when both principal and agent deny the relationship. McCabe v. Howard, 281 So.2d 362 (Fla.2d DCA 1973). There are obvious contradictions in the evidence presented, but we find the facts above to be competent evidence that appellant had an agent or representative, Interore Shipping, in Hillsborough County.
*1339 Since there is competent evidence to support a finding of venue in Hillsborough County, we affirm the trial judge's conclusion that appellant failed to meet its burden below of showing improper venue.
In consolidated case # 79-782, we decline to grant certiorari.
GRIMES, C.J., and BOARDMAN, J., concur.