PER CURIAM.
We reverse a summary final judgment entered in favor of appellee, the original owner of personal property lost in a public place. The dispositive issue on appeal involves a determination of whether appel-lee’s act in claiming or calling for the lost property, BEFORE it was found, constituted sufficient compliance with the requirements of Section 715.01, Florida Statutes (1977).[1] We hold that it did not.
*991 The pertinent facts are as follows: On November 11,1977, appellants found a camera case containing United States and Canadian currency with an aggregate value of $17,215.[2] The camera case was found at Daphne’s Restaurant within the Sheraton Riverhouse Hotel in Miami, Florida, where appellants were employed. Subsequently the camera case and its contents were turned over to the Dade County Public Safety Department. On May 30, 1978, appellant Karen Young, in Circuit Court Case No. 78-8945, filed a replevin suit seeking return of the currency.[3] On January 11, 1979, appellee, a Chilean resident, filed a motion to intervene in Case No. 78-8945 alleging that he was the rightful owner of the currency and entitled to its return. Ap-pellee moved for summary judgment referring to a deposition which confirmed that he had reported the loss of his property to the hotel at a time prior to its finding.[4] It is undisputed that no further inquiry or claim on the property was made by appellee until December 10, 1978, some 13 months after the property had been found. On June 22,1979, the court below entered summary judgment in favor of appellee specifically finding that appellee’s claim to the currency on “the day following its loss satisfies the provisions of Section 715.01, Florida Statutes (1977) inasmuch as both the fact that the intervenor did make such a claim and that he is the rightful owner of the currency in this cause remain uncontro-verted and uncontested”.
We disagree with the trial court’s finding that an owner meets the requirements of Section 715.01, Florida Statutes (1977) by claiming the property before it is found. Section 715.01, Florida Statutes (1977) places an obligation on rightful owners of personal property found in public places to call for or claim same within six months after the finding of such property. This, appellee undisputedly did not do. Thus, under the Statute, title to the property vested in appellants. While Section 715.-01, Florida Statutes (1977) appears to be in derogation of an owner’s common law right to lost property,[5] our statutes are a limitation on the common law rather than an enlargement of it. Linger v. Balfour, 102 Fla. 591, 136 So. 433 (1931).
Reversed and remanded with instructions to enter judgment in favor of appellants.

. “715.01 Title to personal property found in public places
“The title to all personal property found in or upon public conveyances, premises at the time used for business purposes, parks, places of amusement, public recreation areas and other places open to the public is hereby vested in the finder unless the same be called for or claimed by the rightful owner thereof within six months after the finding thereof. Employ *991 ees of public transportation systems shall be deemed agents of such transportation systems and personal property found on public conveyances, in depots, and garages of said transportation systems shall be turned in to the proper person or department designated to receive such property by the said transportation systems, and such property shall be securely kept for the period of time as required by this section after which time if unclaimed by the rightful owner the title of such property shall be vested in the transportation system and not in the employee.”

.Also found in the camera case was hashish oil.

. On August 24, 1978, Young filed an amended complaint naming Peterson and Favor as defendants. Subsequently appellants entered into a stipulation concerning the distribution of the currency.

. Appellant Young also moved for summary judgment.

. 1 Am.Jur.2d Abandoned, Lost, etc., Property § 19.