380 So.2d 1323 (1980)
William D. FRANKLIN, Individually, and As Trustee and Elaine Franklin, His Wife, Appellants,
v.
SHERWOOD PARK, LTD., INC., and Sherwood Forest, Ltd., Inc., of Hollywood, Appellees.
No. 79-1757.
District Court of Appeal of Florida, Third District.
March 18, 1980.
Salter, Yeslow & Burnstein and Myron H. Burnstein, Hollywood, for appellants.
Joe N. Unger, Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellees.
*1324 Before PEARSON and SCHWARTZ, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
This interlocutory appeal by the defendants is from an order which (1) denied the defendants' motion to dismiss for lack of personal jurisdiction and (2) denied the defendants' alternative motion to abate for improper venue. The motion to abate for improper venue should have been treated as a motion to transfer. See Ryder Leasing, Inc. v. Jorge, 168 So.2d 548 (Fla. 3d DCA 1964).
At oral argument, the defendants conceded that the point on personal jurisdiction had become moot because of subsequent personal service upon them.
The plaintiffs' action sought to enforce a contract to convey title to real property. As such, venue was governed by the "local action" rule. See Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968); and Landmark Tower Associates v. First National Bank of Chicago, 439 F. Supp. 195 (S.D.Fla. 1977). We have declined the plaintiffs' invitation to depart from the established law in this area. The argument that the "local action" rule is without basis in modern law is, in our view, unconvincing when dealing with actions affecting the title to real property.
Affirmed in part; reversed in part; and remanded with directions to transfer the cause to Broward County.
EZELL, BOYCE F., Jr. (Ret.), Associate Judge, dissenting.
I must respectfully dissent. In my opinion the court below properly denied Appellants' motion to abate for improper venue. Here, Appellants were non-residents of Florida. The venue privilege afforded a defendant under Section 47.011, Florida Statutes (1977) does not apply if the defendant is a non-resident of Florida. That statutory provision is in conformity with the common law rule that a non-resident may be sued anywhere in Florida so long as the court has jurisdiction of his person. Linger v. Balfour, 102 Fla. 591, 136 So. 433 (Fla. 1931). Thus, suit was properly brought in Dade County, Florida. What is referred to as "the local action rule" does not command a different result. Admittedly, under that rule, a suit seeking the transfer of title to real property is required to be brought in the county wherein the land is situated. Sales v. Berzin, 212 So.2d 23 (Fla. 4th DCA 1968). At present, Appellee sought specific performance of an option to purchase premises located in Broward County, Florida. Appellants assert that suit should have been brought in the county where the property lies, to-wit: Broward County. However, a suit to enforce specific performance of an agreement to convey land need not be brought in the county where the land lies. Morgan v. Eaton, 59 Fla. 562, 52 So. 305 (Fla. 1910). The cause should thus be affirmed.