HENDRY, Judge.
This is an appeal by the defendants from a non-final order of the Circuit Court of Dade County denying a change of venue in a negligence action which arose out of an automobile accident that occurred in Lee County, Florida. The accident resulted in the death of Ralph Bailey, the driver of the automobile who, plaintiffs allege, caused their injuries.
It is the defendants’ contention on appeal that the trial court erred in denying their motion to transfer the cause from Dade County to Lee County because of improper venue and under the forum non conveniens statute, section 47.122, Florida Statutes (1979).
The probate court of Lee County, at the suggestion of plaintiffs’ counsel, named Joseph Finkelstein, a resident of Dade County, as personal representative of Mr. Bailey’s estate. Plaintiffs amended their pending action in Dade County by naming the personal representative together with Nationwide Insurance Company, Mr. Bailey’s insurer. It was alleged that Nationwide was a foreign corporation doing business in Dade County, Florida. Service was made *832 upon the personal representative and the insurance company. Whereupon the personal representative filed an answer and both defendants filed a joint motion to dismiss and transfer the cause to Lee County on the grounds that the accident occurred in Lee County and Mr. Bailey’s estate was being probated in Lee County. The motions were denied. It is from the denial of these motions that this appeal is taken.
Appellants argue that the venue statutes are for the protection of the defendant and unless waived, the defendant can compel that the action be brought in his county of residence or where the cause of action accrued, Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); that since the cause of action admittedly arose in Lee County, venue is in Lee County- — venue would be in Dade County only if Nationwide has a representative or agent in Dade County, Section 47.051, Florida Statutes (1979); that the record does not reflect that Nationwide has an agent in Dade County, the complaint contains only an allegation that Nationwide is doing business in Dade County and that “doing business” is not the test, Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975).
Appellants further argue that Nationwide’s pleadings alleging improper venue were not rebutted by plaintiffs’ showing in opposition to the various motions to change venue, thus the trial court was required to dismiss for improper venue, Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla.3d DCA 1979); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). Appellants further contend that they were entitled to a transfer of the action on the ground of forum non conveniens since almost all of the witnesses are in Lee County and the trial there will cause the least amount of inconvenience and expense to parties required to answer and defend the action, Gaboury v. Flagler Hospital, Inc., supra; Peterson, Howell & Heather v. O’Neill, 314 So.2d 808 (Fla.3d DCA 1975); section 47.-122, Florida Statutes (1979).
The appellees argue that the authorities relied upon for reversal are not controlling under pleadings and facts in the instant case. We agree and affirm upon a holding that: (1) the defendant-appellants waived any exception to venue by not timely asserting their objection, Fixel v. Clevenger, 285 So.2d 687 (Fla.3d DCA 1973); (2) the venue chosen by plaintiffs was proper since one of the two defendants, appellant Fink-elstein (the personal representative of the estate of Ralph Bailey), resides in Dade County, O’Brien v. Mitchell, 190 So.2d 189 (Fla. 1st DCA 1966); section 47.021, Florida Statutes (1979); (3) appellants have failed to demonstrate the impropriety of appel-lees’ selection of venue, Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979); Davis v. Dempsey, 343 So.2d 950 (Fla.3d DCA 1977); (4) appellants have failed to demonstrate that the trial court abused its discretion in refusing the transfer, Gaboury v. Flagler Hospital, Inc., supra; section 47.122, Florida Statutes (1979).
Affirmed.