418 So.2d 409 (1982)
UNITED ENGINES, INC., Appellant,
v.
CITMOCO SERVICES, INC., Appellee.
No. 82-929.
District Court of Appeal of Florida, Second District.
August 18, 1982.
James G. Brehm of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Kerry H. Brown of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
SCHOONOVER, Judge.
This is an interlocutory appeal from an order denying a motion to dismiss or transfer because of improper venue. We affirm.
Appellant, United Engines, Inc., a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma, manufactures a water desalinization and purification device known as a Sea Free Watermaker for use aboard yachts. During the year 1981, the appellant sold a watermaker to the appellee, Citmoco Services, Inc., in Broward County, Florida. When the appellee became dissatisfied with the watermaker, it filed an action against the appellant in Hillsborough County, Florida. The four-count complaint alleged breach of warranty, breach of warranty of fitness for a particular purpose, breach of express warranty, and breach of contract.
In response to the complaint, the appellant filed a motion to dismiss or transfer because of improper venue and a motion for change of venue. An affidavit executed by the general manufacturing manager of the appellant accompanied the motion. According to the affidavit, all negotiations and the sale itself took place in Broward County, Florida, and the product was delivered and installed in Broward County. Appellant had no agent, employee, representative or property in any county in the state of Florida other than in Broward County. Payment for the watermaker was received by the appellant in Oklahoma.
*410 After considering the appellant's motions, and a motion for rehearing, the trial court entered an order finding that appellant was doing business in Florida and that it was not authorized to do so. The court held that pursuant to section 607.354(2), Florida Statutes (1981), the defendant could defend the lawsuit filed against it without being properly authorized to transact business in the state of Florida but could not claim the privilege of venue afforded foreign corporations by section 47.051, Florida Statutes (1981). The appellant's motions were accordingly denied.
The grant of a privilege of being sued in a particular county to a defendant is a creature of statute and not of the common law. Linger v. Balfour, 102 Fla. 591, 136 So. 433 (1931). At common law, the venue of a transitory action, such as the case sub judice, could be laid in any county where jurisdiction over the person of the defendant could be acquired, and the defendant had no privilege of being sued in any particular place.[1] Therefore, if section 47.051 is not applicable to the appellant, under the common law, the appellee had the right to file its action in Hillsborough County, Florida. § 2.01, Fla. Stat. (1981).
The appellant contends that section 47.051 is applicable to the case sub judice, and therefore the trial court erred in denying its motions. Section 47.051 provides as follows:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
We initially note that the party challenging venue has the burden of proof to show venue is improper. Cleveland Compania Maritima v. Logothetis, 378 So.2d 1336 (Fla. 2d DCA 1980).
The plaintiff is not required to plead facts in its complaint in support of its selection of venue, and if a defendant desires to contest the venue chosen by the plaintiff, he has the burden of clearly proving that the venue selected by the plaintiff is improper. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne & Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970).
A foreign corporation may be lawfully doing business in the state of Florida for the purpose of section 47.051 if it is properly authorized to transact business in the state or if it is not considered to be transacting business under section 607.304(2), Florida Statutes (1981). In the case sub judice, the appellant did not deny that it had not received authorization to transact business in the state of Florida. Additionally, it did not carry its burden of proof to show that it was not transacting business pursuant to section 607.304(2). Answers to interrogatories filed by the appellant admit it had an employee in Broward County, Florida, and it had effected sales of more than $100,000 in a two-year period.
We hold that a foreign corporation transacting business in the state of Florida within the meaning of section 607.304, Florida Statutes (1981), without receiving authority to do so is not lawfully doing business in the state of Florida and accordingly is not afforded the privilege of venue set forth in section 47.051. It may defend an action pursuant to section 607.354, but like a nonresident individual or a foreign corporation not doing business in Florida, it must defend a transitory action against it in any county where jurisdiction over it is obtained. § 47.011, Fla. Stat. (1981); Hollywood Memorial Park, Inc. v. Rosart, 124 So.2d 712 *411 (Fla. 3d DCA 1960); St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834 (1932).
We accordingly affirm.
GRIMES, A.C.J., and RYDER, J., concur.
NOTES
[1] For a discussion of local and transitory actions, see McMullen v. McMullen, 122 So.2d 626 (Fla. 2d DCA 1960).