462 So.2d 519 (1985)
The MALL BANK, Appellant,
v.
STATE of Florida, ex rel., the DEPARTMENT OF INSURANCE of the State of Florida, and Florida General Life Insurance Company, Appellees.
No. BA-415.
District Court of Appeal of Florida, First District.
January 3, 1985.
Rehearing Denied February 13, 1985.
Peter J. Aldrich, Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for appellant.
Chester G. Senf, Tallahassee, for appellees.
SHIVERS, Judge.
This is an interlocutory appeal from the denial of The Mall Bank's motion to dismiss for improper venue. We affirm.
Florida General Insurance Company (the Insurer) maintained a deposit account with The Mall Bank (the Bank). On January 3, 1983, the Insurer executed an agreement with the Bank to guarantee a $340,000 loan made by the Bank to the Insurer's parent holding company, Fiduciary and General Corporation. On March 31, upon application by the Florida Department of Insurance (the Department), the Leon County Circuit Court issued an order to show cause on the appointment of a receiver and entered an order of seizure enjoining all persons from wasting the Insurer's assets and directing the Department to take immediate possession thereof. On that same day, the Bank withdrew $323,635.76 from the Insurer's account as payment on the loan it had guaranteed. On April 7, upon demand by the Department, these funds were restored.
On April 11, 1983, the Leon County Circuit Court issued an order appointing the Department as Receiver of the Insurer. The order contained directions of seizure and injunction similar to those contained in the March 31 order. When the Department demanded payment by the Bank of the Insurer's deposit account funds, the Bank first set off the balance due it on the loan. After the Bank's repeated refusals to pay over the funds, it was joined as a party to the delinquency proceedings.
Subsection (3) of Section 631.261, Florida Statutes, "Voidable transfers," provides:

*520 (3) The department as receiver in any proceeding under this chapter may avoid any transfer of or lien upon the property of an insurer which any creditor, stockholder, subscriber, or member of such insurer might have avoided and may recover the property so transferred unless such person was a bona fide holder for value prior to the date of the entering of an order to show cause under this chapter. Such property or its value may be recovered from anyone who has received it except a bona fide holder for value as herein specified.
Pursuant to said Section 631.261(3), the Department then filed a petition in Leon County Circuit Court to void the guaranty agreement and to direct the Bank to pay over the Insurer's deposit account. The Bank filed a motion to dismiss the petition for, among other grounds, improper venue, as it maintains its principal place of business in Palm Beach County. The trial court denied the Bank's motion. We find no error in this denial.
The Bank stoutly argues that Sections 47.051 and 631.021(2) and (3), Florida Statutes, mandate maintenance of the delinquency proceedings in the judicial circuit of the insurer's place of business:
47.051 Actions against corporations.  Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
631.021(2) The venue of a delinquency proceeding against a domestic insurer shall be in the circuit court in the judicial circuit of the insurer's principal place of business. The venue of such proceedings against foreign and alien insurers shall be in the Circuit Court of Leon County.
(3) At any time after the commencement of a proceeding under this chapter, the department may apply to the court for an order changing the venue of, and removing the proceeding to, Leon County or to any other county of this state in which it deems that such proceeding may be most economically and efficiently conducted.
The Bank has a claim against the Receiver based on the guaranty agreement which the Receiver is seeking to void pursuant to section 631.261. Section 631.181, Florida Statutes, requires that all claims against a company in receivership be filed with the Receiver. The validity of those claims subject to challenge must then be determined by the receivership court. Section 631.182, Florida Statutes. Here, in setting off the balance due it on its loan to the Fiduciary and General Corporation prior to paying over the Insurer's deposit account, the Bank not only failed to follow the procedure required by statute, it also violated the orders of the receivership court. Consequently, it was joined as a party to the delinquency proceedings. As this action against the Bank is essentially a third party action ancillary to the delinquency proceeding, the Bank, as a third party, may not successfully assert the venue privilege. 6 Wright and Miller, Federal Practice and Procedure, § 1445 at 240; H. Trawick, Florida Practice and Procedure, Chapter 5, Venue, § 5-13, Third Party Claims (1982); Flagship National Bank v. Commercial Bank and Trust Company, 428 So.2d 361 (Fla. 3d DCA 1983). The venue privilege was personal to the Insurer, Florida General Life Insurance Company. The Insurer waived the privilege by failing to assert it. See Finkelstein v. Godard, 404 So.2d 831 (Fla. 3d DCA 1981). The present venue is proper and the denial of the motion to dismiss is AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.