478 So.2d 416 (1985)
Blanca M. VALLE and Jose B. Valle, Jr., Appellants,
v.
Arthur J. MADOR and Maryland Casualty Company, a Corporation Licensed to Do Business in the State of Florida, Appellees.
No. 85-1075.
District Court of Appeal of Florida, Third District.
November 5, 1985.
Gary E. Garbis, Ronald A. Alter, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Miami, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Blanca and Jose Valle, Jr., appeal a nonfinal order transferring venue of their action against Arthur Mador and his insurer from Dade County to Lee County, Florida. The Valles sued Mador following an automobile accident which occurred in Lee County on September 17, 1983. At the time of the accident, Mador resided in Connecticut. In June, 1984, Mador moved to Lee County, Florida. The Valles sued Mador for negligence in December, 1984, serving him with process pursuant to sections *417 48.161, 48.171, Florida Statutes (1983), which authorize substituted service on non-residents by service on the Secretary of State. Although Mador was a Florida resident at the time of service, he did not challenge the substituted service on the Secretary of State and submitted himself to the jurisdiction of the court. Mador sought a change of venue under section 47.011, Florida Statutes (1983), to Lee County, Florida, where he resided and where the cause of action accrued.[*] When the trial court granted the motion, the Valles filed this interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
In this appeal we are asked to determine whether a defendant who is a Florida resident at the time a complaint is filed, but who was a non-resident at the time the cause of action accrued, may avail himself of the provisions of section 47.011, Florida Statutes (1983). We hold that statutory venue privileges apply to individuals who possess the requisite status on the date the complaint is filed. We therefore affirm the trial court's order.
The Valles contend that a defendant's status for venue purposes is determined as of the date the cause of action accrues. They maintain that because Mador resided in Connecticut at the time of the accident, he may not avail himself of the venue privilege reserved for Florida residents. We reject this contention as contrary to existing law. In Gates v. Stucco, 112 So.2d 36, 38 (Fla. 3d DCA 1959), we stated that: "[t]he statute as to venue applies as of the time of the filing of the suit, and not as of the time of the accrual of the cause of action." See also Rodin v. Auto Train, 377 So.2d 810 (Fla. 3d DCA 1979).
Appellants seek to avoid the import of Gates and Rodin by asserting that appellee's acceptance of substituted service constituted a waiver of his venue privilege. The cases upon which they rely, however, do not support their position. Kauffman v. King, 89 So.2d 24 (Fla. 1956) (en banc); State ex rel. Bernhart v. Barrs, 152 Fla. 631, 12 So.2d 576 (1943); and Hollywood Memorial Park, Inc. v. Rosart, 124 So.2d 712 (Fla. 3d DCA 1960), apply the principle that non-residents may not avail themselves of venue privileges. In the case before us, however, Mador was a Florida resident at the time of service as well as at the time the complaint was filed. His uncontroverted affidavit filed in support of his motion for change of venue establishes his residence in Lee County, Florida, approximately six months before the Valles instituted their action.
We find no merit in the Valles' argument that Mador's failure to challenge the substituted service constituted a waiver of his venue privileges. Waiver of venue occurs only when a defendant fails to assert the privilege in a responsive pleading or in a timely motion, Finkelstein v. Godard, 404 So.2d 831 (Fla. 3d DCA 1981); Aquaco, Inc. v. Hopkin, 323 So.2d 678 (Fla. 3d DCA 1975); Fla.R.Civ.P. 1.140(h), or by stipulation, agreement, or consent. Ringling Bros. Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314, 316 (Fla. 1st DCA), cert. denied, 303 So.2d 644 (Fla. 1974). Mador filed a timely motion requesting transfer of venue. At no time did he agree to waive venue. See Ringling Bros. As a resident of Florida, Mador is entitled to the rights and privileges enjoyed by all Florida residents and may defend this action in Lee County.
Appellants appear to have confused jurisdiction and venue. See Walters v. State of Florida, Department of Health & Rehabilitation Services, 332 So.2d 684 (Fla. 1st DCA 1976); Stewart v. Carr, 218 So.2d 525 (Fla. 2d DCA 1969). Service of process *418 establishes jurisdiction of the court over the person of the defendant and, by informing the defendant of pending litigation, signals him to defend his interests. Clark v. Clark, 158 Fla. 731, 30 So.2d 170 (1947); Conde v. Professional Mediquip, 436 So.2d 322 (Fla. 4th DCA 1983); Haney v. Olin Corp., 245 So.2d 671 (Fla. 4th DCA 1971). Jurisdiction confers power on the court. Walters; Stewart. A defendant may waive the right to proper service and thereby forfeit his right to challenge the trial court's jurisdiction over his person. Fundaro v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982); Kirshner v. Shernow, 367 So.2d 713 (Fla. 3d DCA 1979); Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973). Venue statutes, on the other hand, seek to restrict litigation to the forum which will cause the least amount of inconvenience and expense to parties required to defend an action. Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979); Gaboury v. Flagler Hospital, 316 So.2d 642 (Fla. 4th DCA 1975). Venue provisions are waived by failure to invoke the privilege in a timely fashion. Finkelstein; Aquaco; Fla.R.Civ.P. 1.140(h).
Absent a showing of abuse of discretion, an appellate court is required to affirm a trial court's determination regarding change of venue. Fixel v. Clevenger, 285 So.2d 687 (Fla. 3d DCA 1973). Finding no abuse of discretion in the trial court's transfer of venue from Dade County to Lee County, we affirm.
Affirmed.
NOTES
[*] Section 47.011, Florida Statutes (1983) provides:

Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.