WENTWORTH, Judge.
Appellant The Mall Bank seeks review of an 11/21/86 order entered after a hearing in the circuit court for Leon County, by which a motion to dismiss for lack of prosecution was denied. We affirm.
The appealed order further directs the Bank to transmit a sum of money to appellee the Department of Insurance, which had been appointed receiver for Florida General Life Insurance Company. Although the Bank asserts a lack of notice that the hearing would encompass that issue, the Department’s response to the motion to dismiss expressly requests that the court order the Bank to remit the contested funds in accordance with the court’s prior order and the appellate opinion in a prior appearance of the cause in this court. Mall Bank v. State ex rel. Department of Insurance, 462 So.2d 519 (Fla. 1st DCA 1985). In these circumstances the court’s order does not violate concepts of procedural due process.
Fla.R.Civ.P. 1.420(e) provides for dismissal of any action in which no record activity has occurred for a period of one year. In the present case there was no record activity directed toward the Bank for a period of over one year. However, as Mall Bank v. State ex rel. Department of Insurance, supra, indicates, the Bank is wrongfully withholding funds which Chapter 631, and prior orders of the receivership court, require it to pay subject to claim. The burden of presenting its claim was upon the Bank. See section 631.181, Florida Statutes. The Department’s failure to seek prompt enforcement of the outstanding order does not warrant dismissal of the proceeding or removal of the Bank as a party.
As to the final issue presented by the Bank, the bankruptcy petition filed by a third party does not affect the Bank’s position. See Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324 (10th Cir.1984).
Affirmed.
SMITH and SHIVERS, JJ., concur.