STRINGER, Judge.
Appellant, Roger D. Johnson, challenges a final summary judgment entered in favor of Appellees, Gourmet Gardens, Inc., Dwayne Pass, and his wife, Tammy Pass. Johnson asserts that the trial court abused its discretion in granting summary judgment where genuine issues of material fact remained for resolution. We disagree and affirm.
First Union National Bank (“First Union”) held a promissory note executed by Gourmet Gardens and guaranteed by Ronald Friedman and the Passes. First Union sued Gourmet Gardens for breach of the note and the Passes and Friedman for breach of their guaranties. Johnson subsequently purchased the note from First Union and was substituted as plaintiff in the action. Johnson voluntarily dismissed his claim against Friedman.
Friedman had previously executed a broad release wherein he had released Gourmet Gardens and the Passes from “any and all claims, demands, and causes of action of any kind whatsoever whether known or unknown at the present time, contingent or non-contingent which [Friedman] heretofore may have had, now may have or hereafter may have against GOURMET GARDENS, INC., DWAYNE A. PASS, AND TAMMY L. PASS.” The release specifically bound agents of Friedman.
The Passes and Gourmet Gardens asserted that Johnson was barred from seeking collection on the promissory note because he was the agent of Friedman and, as such, was bound by the release entered into by Friedman. Both parties filed cross-motions for summary judgment each alleging that there was no genuine issue of fact as to whether or not Johnson was Friedman’s agent. The trial court granted Appellees’ motion and entered a final summary judgment against Johnson, finding that Johnson was Friedman’s agent.
The existence of an agency relationship is a question of fact. Cleveland Compania Maritima, S.A. Panama v. Logothetis, 378 So.2d 1336, 1338 (Fla. 2d DCA 1980). Generally, a summary judgment may not be entered where the record demonstrates that a material issue of fact exists. However, the pleadings, depositions, and affidavits in the record show that the facts in this case were uncontroverted. Based on the record, we find that the only reasonable inference a jury could draw from the uncontroverted facts is that Johnson was *1021 Friedman’s agent. Accordingly, we affirm the summary judgment.
Affirmed.
SALCINES, J., Concurs.
BLUE, C.J., Dissents with opinion.