PER CURIAM.
This is an appeal from a non-final order of the trial court which denied a motion to dismiss. We dismiss the appeal.
The appellee, Shirley McBride, sued appellant, Daniel Knauf, and others for medical malpractice. The complaint alleges, in essence, that through a series of medical and clerical mistakes, open heart surgery was performed upon the wrong patient, appellee McBride. The complaint alleges that the surgery took place at Shands Teaching Hospital and Clinics, Inc. The complaint further alleges that appellant, while acting as an agent or employee of Shands, performed the aortic valve placement surgery upon appellee.
Appellant filed a motion to dismiss the complaint against him asserting that he was an employee of the State of Florida, and was, therefore, immune from liability and suit[1] pursuant to section 768.28(9)(a), Florida Statutes.[2] In support of the motion appellant submitted his own affidavit. The affidavit admits that appellant provided the medical services to appellee. The affidavit also states that appellant is an Associate Professor of Thoracic Surgery at the University of Florida, College of Medicine and that he receives no salary or other employee benefits from Shands. The affidavit does not state that appellant is not an agent of Shands. The trial court, after hearing, entered an order denying appellant’s motion to dismiss.
Upon receipt of appellant’s initial brief this court, sua sponte, issued an order to show cause why this appeal should not be dismissed because the order being appealed did not appear to be one of the non-final orders specified in Florida Rule of Appellate Procedure 9.130 which may be appealed prior to entry of a final order. Appellant filed a response and argues that the order denying the motion to dismiss is ap-pealable at this time pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)©, because the order determined jurisdiction of the person. Appellant’s initial brief asserts that appellant, because he is a state employee, is immune from liability and suit and should not have to respond to interrogatories, requests for production, requests for admission and the other burdens of being named a party to a lawsuit. We disagree.
Appellant misperceives the effect of section 768.28(9)(a). Just because appellant is an employee of the State of Florida does not mean he is as a matter of law immune from all liability or suit. See Martin v. Drylie, 560 So.2d 1285 (Fla. 1st DCA 1990). Appellant is not being sued in his capacity as an employee of the State of Florida. *253 Appellant is being sued as an agent or employee of Shands Hospital, a private enterprise. Shands Teaching Hospitals and Clinics, Inc. v. Lee, 478 So.2d 77 (Fla. 1st DCA 1985). It is apparent the trial court’s order did not determine jurisdiction over appellant, but rather merely allowed discovery to continue so that appellee could attempt to prove the allegations of her complaint, i.e., that when appellant operated on her, he was doing so as an agent or employee of Shands and was, thus, subject to suit and liability. As such the trial court’s order denying the motion to dismiss is not appealable as a non-final order. See Page v. Ezell, 452 So.2d 582, 583 (Fla. 3d DCA 1984) and State Road Dep’t v. Brill, 171 So.2d 229 (Fla. 1st DCA 1964) (both holding under slightly different facts that orders which deny motions to dismiss based on alleged immunity do not determine jurisdiction of the person).
Accordingly, this appeal is dismissed.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. Appellant did not contest service of process nor did appellant challenge the sufficiency of the complaint.

. Section 768.28(9)(a) provides in pertinent part: No officer, employee, or agent of the State ... shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act ... or omission ... in the scope of his employment or function....