837 So.2d 1155 (2003)
Dan CURTIS, Bob Hewitt, W.C. Hudson, and Aerostar Electronics Corporation, Appellants,
v.
Sven OLSON, Leistritz Corporation, and Leistritz A.G., Appellees.
No. 1D02-2792.
District Court of Appeal of Florida, First District.
February 21, 2003.
James P. Green and Winston R. Grow, Mobile, AL, for Appellants.
Alan R. Horky of Fuller, Johnson & Farrell, P.A., Pensacola, for Appellees.
KAHN, J.
We have for review an order of the Circuit Court for Escambia County denying appellants' motion to stay or enjoin the arbitration proceeding commenced by appellees *1156 before the American Arbitration Association. The circuit court's denial of appellants' motion to stay or enjoin arbitration, in effect, compels appellants to proceed with arbitration. We thus construe the circuit court's ruling as an order determining entitlement of a party to arbitration. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv).
Appellants raise four issues on appeal; because we find one issue dispositive, we decline to address the remaining issues at this time. We hold that the circuit court erred in not deciding the threshold question of whether the issue is arbitrable before denying appellants' motion and, accordingly, we reverse and remand for further proceedings.
In July 1992, John Payne and certain of the appellants formed Aerostar Electronics Corporation ("AEC") for the purpose of selling aircraft parts. As consideration for his interest, Payne conveyed to AEC all right, title, and interest in his Federal Aviation Administration Parts Manufacture Approval drawings, including compressor blade drawings for the Allison T-56 501 turbine jet engine at issue in the instant case. In June 1993, Payne, allegedly without AEC's knowledge, entered into an agreement with appellee Leistritz Corporation, revised in July 1997 ("Restated Agreement"), under which Aerostar Manufacturing Corporation ("AMC") would be formed for the purpose of manufacturing and marketing Allison T-56 501 compressor blades. Appellants brought suit against Payne and Leistritz Corporation to assert their rights in the manufacture and marketing of the Allison T-56 501 compressor blades.
In November 1998, appellants reached a settlement with Payne. The circuit court approved the settlement "without prejudice to Leistritz Corporation's legal rights and entitlements." Curtis v. Payne, No. 94-949-CA-01-M (Fla. 1st Cir.Ct. May 10, 2001). Under the settlement, appellants were assigned, among other things, fifty percent of Payne's interest in AMC. Negotiations with Leistritz Corporation to approve appellants as shareholders in AMC, as required under sections six and seven of the Restated Agreement, failed. Leistritz Corporation now refuses to acknowledge the assignment of Payne's interest in AMC to appellants, relying on rights purportedly established by the Restated Agreement.
In January 2002, Leistritz Corporation filed a demand for arbitration pursuant to section eighteen of the Restated Agreement. In March 2002, appellants filed a Motion to Stay and for Injunction of Arbitration Proceedings, claiming that arbitration would be premature because the court has yet to determine what, if any, rights appellants have under the Restated Agreement, and that appellants are not signatories to that contract, which contains the arbitration provisions. The circuit court entered an order denying appellants' motion to stay or enjoin the arbitration, and directing both parties to file briefs addressing "the issue of whether the restriction on transfer of shares in AMC is effective to prohibit a transfer of part of the Payne Interest in AMC to the Plaintiffs." Curtis v. Payne, No. 94-949-CA-01 (Fla. 1st Cir. Ct. May 30, 2002, nunc pro tunc April 19, 2002). Both parties have briefed the issue, but the circuit court has yet to enter a ruling. Appellees claim that this issue is itself arbitrable; appellants claim it is not.
As set out earlier, we construe the circuit court's denial of appellants' motion to stay or enjoin arbitration as an order requiring arbitration to go forward. "Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement *1157 to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999).
The circuit court here entered an order obliging appellants to proceed with arbitration before making a determination as to whether the issue (Leistritz' right to restrict the transfer of shares in AMC and thereby prohibit a transfer of part of the Payne Interest in AMC to the appellants) was arbitrable. Arbitration is designed to settle disputes arising between contracting parties which relate to such contract. See § 682.02, Fla. Stat. (2002). The determination of jurisdictional disputes, such as whether a claim is subject to arbitration, must be made by a court of law. See Seifert, 750 So.2d at 636 (holding that "because arbitration provisions are contractual in nature, construction of such provisions and the contracts in which they appear remains a matter of contract interpretation"); Thomas W. Ward & Assoc. v. Spinks, 574 So.2d 169, 170 (Fla. 4th DCA 1990) (holding "[w]hether or not a dispute should be submitted to arbitration is a question for the court to determine from the contract of the parties").
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
LEWIS, J., concurs, and BENTON, J., dissents.
BENTON, J., dissenting.
I share the majority's view that we have jurisdiction because the non-final order under review "determine[s] ... the entitlement of a party to arbitration." Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). I therefore find it perplexing that the majority reverses on the stated rationale that "the circuit court erred in not deciding ... whether the issue is arbitrable." As I see it, the order under review necessarily decided this question, and appellants have not shown that the circuit court's decision was erroneous. I would affirm.