904 So.2d 502 (2005)
BILL HOLT SALES & LEASING, INC., Appellant,
v.
Colleen M. COUSINS, as Personal Representative of the Estate of Dennis Edward Cousins, Deceased, and Jamie Lynn Harrison, Appellees.
No. 1D04-3919.
District Court of Appeal of Florida, First District.
May 18, 2005.
Rehearing Denied June 28, 2005.
*503 Doreen E. Lasch of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellant.
Peter S. Roumbos and Stuart C. Poage of Young, Bill, Fugett & Roumbos, P.A., Pensacola, for Appellee Jamie Lynn Harrison.
Jon D. Caminez of Caminez, Brown & Hardee, P.A., Monticello, and Louis K. Rosenbloum of Louis K. Rosenbloum, P.A., Pensacola, for Appellee Colleen M. Cousins.
ERVIN, J.
This is an appeal from a non-final order in a wrongful-death action denying a motion for summary judgment. We revisit a prior interlocutory order of this court which decided that the trial court's non-final order was appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), authorizing review of non-final orders which determine jurisdiction of the person.[1] We vacate our prior order and dismiss the appeal, because the record fails to disclose the trial court ruled on the issue of whether it had personal jurisdiction over appellant Bill Holt Sales & Leasing, Inc., an automobile dealer doing business in the state of Georgia.
Rather than move to dismiss the complaint for lack of personal jurisdiction, which would have called for an evidentiary hearing,[2] Bill Holt Sales moved for summary judgment, contending the facts were undisputed that (1) the court did not have in personam jurisdiction over Bill Holt Sales, because it was a Georgia corporation which did not have sufficient minimum contacts with Florida; and (2) Bill Holt Sales was not the "beneficial owner" of the 1994 Chevy Blazer that was involved in the accident, although it may still have been the "legal owner." At the hearing, Bill Holt Sales argued that "simply putting a product into the chain of commerce" or "the foreseeability that [the] product may eventually wind up in the state" do not provide enough minimum contacts for in *504 personam jurisdiction. The trial court correctly answered, stating its belief that whoever owns the car at the time of the accident is liable under Florida law.[3] Although Bill Holt Sales did not dispute the court's understanding of the law, it countered it could not be considered the owner of the vehicle, which, it contended, had been conveyed to another person by the time of the accident.
The discussion next turned to the subject of whether the facts showed conclusively that Bill Holt Sales was not the owner. At the conclusion of the argument, the trial court stated: "I think there's enough for the Court to deny summary judgment and have a jury determination on that." In our judgment, nothing in the record before us discloses any determination by the trial court that it had personal jurisdiction over Bill Holt Sales; rather the court decided only the facts before it were not sufficiently clear on the issue of ownership to permit summary judgment.
A somewhat comparable situation to that at bar occurred in Knauf v. McBride, 564 So.2d 251 (Fla. 1st DCA 1990). After Dr. Daniel Knauf was sued for medical malpractice based upon a surgery he performed at Shands Teaching Hospital, he filed a motion to dismiss for lack of in personam jurisdiction, claiming he was immune from liability, because he was an employee of the state. The trial court denied the motion and Dr. Knauf appealed. This court dismissed the appeal, stating that the plaintiff was suing Dr. Knauf not as an employee of the state, but as an agent or employee of Shands as a private enterprise, and that his evidence below had not ruled out that he was acting as an agent of Shands. We concluded:
It is apparent the trial court's order did not determine jurisdiction over appellant, but rather merely allowed discovery to continue so that appellee could attempt to prove the allegations of her complaint, i.e., that when appellant operated on her, he was doing so as an agent or employee of Shands and was, thus, subject to suit and liability. As such the trial court's order denying the motion to dismiss is not appealable as a non-final order.
Id. at 253.
In the case at bar, the issue of whether the court had in personam jurisdiction over the appellant was inextricably linked with the issue of whether appellant could be considered the beneficial owner of the vehicle it sold that was involved in the accident in Florida. The latter question was not resolved by the court in denying the motion for summary judgment; instead, it allowed the case to go forward. Because no determination was made by the court of its personal jurisdiction over appellant, the order denying the motion for summary judgment must be deemed a non-appealable, non-final order.
APPEAL DISMISSED.
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] A ruling by a motion panel is interlocutory and may be reexamined by the merits panel. See Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 315 (Fla. 3d DCA 2000).
[2] Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
[3] The rule is firmly established that the consent of a vehicle's non-resident owner to another driver's use of the vehicle in Florida constitutes sufficient minimum contacts with Florida to confer personal jurisdiction over the vehicle's owner. See Sierra v. A Betterway Rent-A-Car, Inc., 863 So.2d 358 (Fla. 3d DCA 2003); Stevenson v. Brosdal, 813 So.2d 1046 (Fla. 4th DCA 2002).