967 So.2d 1087 (2007)
Mark Thomas BRULTE, husband, Appellant,
v.
Suzanne Mitchell BRULTE, wife, Appellee.
No. 1D07-3692.
District Court of Appeal of Florida, First District.
November 13, 2007.
*1088 Beth M. Terry, Jacksonville, for Appellant.
J. Demere Mason, Jacksonville, for Appellee.
PER CURIAM.
The appellant filed this appeal seeking review of a non-final order denying his motion to dismiss filed below, which had challenged the trial court's jurisdiction over the case. The appellee filed a motion to dismiss this appeal because the order on appeal dealt with subject matter jurisdiction and is not an immediately appealable order. Concluding that the order on appeal does not fall into any of the categories of appealable orders identified in Florida Rule of Appellate Procedure 9.130, the appellee's motion to dismiss is hereby GRANTED and this appeal is hereby DISMISSED for lack of jurisdiction.
In the order on appeal, the trial court found that the wife met the residency requirements for filing a Petition for Dissolution of Marriage in Florida, and also that the court had jurisdiction over the parties' two children pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), sections 61.501 through 61.542, Florida Statutes. The UCCJEA does not require personal jurisdiction over a party to make a child custody determination. See § 61.514(3), Fla. Stat. (2006). Because the appellant's motion to dismiss did not raise a challenge to the trial court's in personam jurisdiction, the order on appeal did not determine the jurisdiction of the person as that term is used in Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). See Fisher v. International Longshoremen's Ass'n, 827 So.2d 1096 (Fla. 1st DCA 2002). Further, although this order set the stage for a custody determination in the future, it is not appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), because it did not make a determination as to child custody.
KAHN, WEBSTER, and ROBERTS, JJ., concur.