VAN NORTWICK, J.
Robert Milton Frier, Jr., seeks review of a nonfinal “Order on Husband’s Second Motion to Dismiss.” Because the order on appeal is not an appealable nonfinal order, we dismiss this appeal for lack of jurisdiction.
The order on appeal denied a motion to dismiss that had challenged the trial court’s jurisdiction over the appellant, who had filed a similar action in another state. In this order, the trial court concluded “that it has jurisdiction of at least certain issues in the pending action.” While recognizing that its jurisdiction may be limited due to the case filed by the appellant, the trial court granted leave to counsel for both parties to “present argument and law as to issues either thinks may not fall within this court’s jurisdiction.” The order referred only to the trial court’s subject matter jurisdiction and did not address whether the trial court had personal jurisdiction over the appellant.
The appellant asserts that the order on appeal is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)© because it determined jurisdiction of the person. Specifically, the appellant argues that the order denied his motion to dismiss, which had raised only the trial court’s lack of personal jurisdiction over him. Therefore, according to the appellant, the order necessarily determined personal jurisdiction.
The law is clear that “the term jurisdiction of the person” in rule 9.130(a)(3)(C)(i) “refers to service of process or to the applicability of the long arm statute to non-residents.” Warren v. Southeastern Leisure Sys., Inc., 522 So.2d 979, 980 (Fla. 1st DCA 1988). “Therefore, only those interlocutory orders that determine issues involving service of process or applicability of the long arm statute are appealable under this section of Florida Rule of Appellate Procedure 9.130.” Fisher v. Int’l Longshoremen’s Ass’n, 827 So.2d 1096, 1097 (Fla. 1st DCA 2002) (en banc). To fall within the scope of the rule, however, an order must actually make a determination as to personal jurisdiction. See Bill Holt Sales & Leasing, Inc. v. Cousins, 904 So.2d 502 (Fla. 1st DCA 2005) (dismissing appeal because the record failed to show that the trial court made a decision regarding personal jurisdiction even though lack of personal jurisdiction had been raised in the motion for summary judgment that was denied by the order on appeal). Therefore, where a motion challenging the trial court’s in person-am jurisdiction is denied without necessarily making a determination as to whether the court has jurisdiction over the person, the order is not appealable as an order that determined jurisdiction of the person. See id.
Similar to the order on appeal in Bill Holt Sales, the order before us did not expressly or necessarily determine personal jurisdiction. Rather, the order merely determined that the trial court had juris *147 diction “of at least certain issues in the pending action.” One of the issues raised in the complaint was custody of the parties’ minor children. Under the Uniform Child Custody Jurisdiction and Enforcement Act, sections 61.501 through 61.542, Florida Statutes (2008), a trial court has jurisdiction, under certain specified conditions, to make a child custody determination without also having personal jurisdiction over a party. See § 61.514(3), Fla. Stat. (2008); Brulte v. Brulte, 967 So.2d 1087 (Fla. 1st DCA 2007). Therefore, the trial court’s determination that it had jurisdiction over some of the issues in the action did not necessarily determine personal jurisdiction over the appellant. Consequently, this court does not possess appellate jurisdiction under rule 9.130(a)(3)(C)(i).
DISMISSED.
HAWKES, C.J., and BROWNING, J., concur.