KELLY, Judge.
The appellants, Avatar Properties, Inc., and Solivita at Poinciana, Inc., challenge a nonfinal order denying their motion to compel nonbinding arbitration.[1] Because the trial court erred when it concluded that the arbitration agreement between Avatar and the appellees, Fred and Linda Greetham, was not valid, we reverse.
*766 The Greethams own a residence in Soli-vita at Poinciana, a development in Polk County. According to the Greethams’ complaint, Avatar and Solivita were responsible for the design, development, and sale of the homes in Solivita, including their home. After the roof of their residence sustained damage as a result of hurricanes Charley and Frances, they sued Avatar and Solivita asserting a variety of claims based on allegations that the roof on their home was defectively designed and installed.[2]
Avatar and Solivita responded to the Greethams’ complaint with a motion to compel arbitration. The arbitration provision at issue was contained in the home warranty that was expressly incorporated into the purchase and sale agreement the Greethams executed when they purchased the home. Although the warranty was not attached to the agreement, the agreement states that the warranty was available for examination at Solivita’s offices and, that upon request the warranty would be attached as an exhibit to the purchase and sale agreement. The Greethams initialed this paragraph.
At the hearing on the motion to compel arbitration, the Greethams argued that the arbitration agreement was not enforceable because the word “arbitration” was not mentioned in the purchase and sale agreement and because the warranty was not attached to the agreement when the Greet-hams signed it. The trial court denied the motion to compel arbitration on that basis, concluding that “there is not a valid knowing voluntary arbitration agreement.” In this appeal, Avatar and Solivita challenge the trial court’s conclusion. Because the existence of a valid agreement to arbitrate is a question of law, we review the trial court’s determination de novo. See Orkin Exterminating Co. v. Petsch, 872 So.2d 259 (Fla. 2d DCA 2004).
The purchase and sale agreement the Greethams signed unambiguously incorporated the home warranty by reference and made that document a part of the parties’ contract. “It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing.” OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990). “Incorporation by reference is a recognized method of making one document of any kind become a part of another separate document without actually copying it at length in the other.” State v. Wade, 544 So.2d 1028, 1030 (Fla. 2d DCA 1989). This court has routinely approved the enforcement of contractual provisions that were incorporated by reference into a contract that parties have signed, including arbitration provisions. See, e.g., Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150 (Fla. 2d DCA 1981) (recognizing that an arbitration clause in a prime contract between an owner and a general contractor applied to a lawsuit between the general contractor and one of its subcontractors because the subcontract incorporated part of the general contract by reference, including its arbitration provision). It is undisputed that the Greethams not only signed the purchase and sale agreement, but that they initialed the provision that incorporated the home warranty by reference. This provision advised them that they could review the warranty at Solivita’s offices and of their right to have a copy of it attached to the agreement. Any failure on their *767 part to avail themselves of either opportunity is not a basis to find that no agreement existed. See Lopez v. Ernie Haire Ford, Inc., 974 So.2d 517 (Fla. 2d DCA 2008) (holding that a party to a written contract cannot defeat enforcement of its terms on the ground that they signed the contract without reading it).
The trial court erred in concluding that there was no agreement to arbitrate. The order denying Avatar and Solivita’s motion to compel arbitration is reversed, and we remand for further proceedings consistent with this opinion.
Reversed and remanded.
LaROSE, J., Concurs.
ALTENBERND, J., Concurs specially with opinion.

. We conclude that we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which permits appeals from nonfinal orders determining "the entitlement of a party to arbitration.” In Ebbitt v. Terminix Int’l Co., 792 So.2d 1275, 1276 (Fla. 4th DCA 2001), the court noted that the use of the word "entitlement” signaled that the rule was intended to authorize appeals from orders determining if a party had a "right to arbitration.” In that case, the trial court exercised its discretion to order nonbinding arbitration — it did not determine entitlement. In contrast, the order here determined Avatar’s contractual right, i.e. entitlement to arbitration.

. The Greethams' complaint reflects that they apparently intend to seek class certification at some point, but they have not yet done so.