NORTHCUTT, Judge.
Barrington Humphrey is the named defendant in a mortgage foreclosure suit filed by Deutsche Bank National Trust Co. On Humphrey’s motion, the circuit court quashed the service of process on him. In its order, the circuit court also directed Humphrey to provide his current address to the Bank. Humphrey challenges this provision on appeal. The Bank has neither appealed the quashal of service nor filed an answer brief in response to Humphrey’s appeal. We treat this case as an appeal from a nonfinal order determining jurisdiction of the person. See Fla. R.App. P. 9.130(a)(3)(C)(i). We reverse.
Without proper service, the court never secured personal jurisdiction over Humphrey and, thus, had no power over him. That being so, the court had no authority to direct Humphrey to do anything. See Riddick v. Suncoast Beauty Coll., Inc., 570 So.2d 1064, 1065-66 (Fla. 2d DCA 1990) (reversing injunction entered against individuals not named in suit or served); see *1020 also Springbrook Commons, Ltd. v. Brown, 761 So.2d 1192, 1194 (Fla. 4th DCA 2000) (“If the court is to exercise its power over a person it must have jurisdiction over that individual.... In the absence of personal service or a statutorily permitted alternative, the court lacks jurisdiction to enter a personal judgment against the defendant”). In Alger v. Peters, 88 So.2d 903 (Fla.1956), the Florida Supreme Court explained the necessity of personal jurisdiction:
[N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen [to that extent an empty threat], and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service....
Id. at 907 (quoting Alemite Mfg. Corp. v. Staff, 42 F.2d 882, 832-33 (2d Cir.1930) (Hand, J.)).
We reverse the order quashing service insofar as it directed Humphrey to furnish his address to the Bank.
Reversed in part.
DAVIS and BLACK, JJ., Concur.