WETHERELL, J.,
concurring.
I agree that the challenged order is not “final” and, thus, we lack jurisdiction to *924 review the order at this time. That said, because of the additional delays and expense that resulted from this court’s denial of Appellee’s February 2012 motion to dismiss this appeal for lack of jurisdiction, I would have been inclined to exercise our discretion under Florida Rule of Appellate Procedure 9.110(i) to permit the trial court to render a final order if review of the challenged order were governed by rule 9.110.[1] However, review of the challenged order is governed by rule 9.130(a)(4), not rule 9.110,[2] and there is no corollary to rule 9.110(l) in rule 9.130. Accordingly, notwithstanding the prior ruling on jurisdiction,[3] I agree that we are compelled to dismiss this appeal as premature.

. I recognize that we typically will not exercise our discretion under rule 9.110(Z) unless the defect in the order is technical in nature or merely requires clarification that all issues raised by the parties were finally resolved. See Demont v. Demont, 24 So.3d 699 (Fla. 1st DCA 2009) (refusing to relinquish jurisdiction under rule 9.110(Z) because "an indeterminate amount of judicial labor ... remains to be done before a final order can be entered”). Here, the record in this case and the related case number 1D13-998 reflect that all of the issues raised by the parties have effectively been resolved and that minimal judicial labor will be required to render a final order. Indeed, the only judicial labor remaining to be done concerns the amount of "damages” flowing from Appellant’s alleged contemptuous failure to assume liability for, and hold Appellee harmless on, the mortgages for several of the properties awarded to Appellant in the final judgment of dissolution of marriage. The damages awarded by the trial court for ' this violation are comprised of the attorney's fees and costs incurred by Appellee in defending mortgage foreclosure actions that she would not have been a party to had Appellant complied with his obligations under the final judgment. The challenged order did not establish the amount of the fees and costs, but the record in case number 1D13-998 includes a transcript of a January 2013 hearing at which the parties’ attorneys represented that they have "reached an agreement for the most part” regarding the reasonableness of the fees and Appellant's attorney represented that "there's not going to be a dispute regarding the amounts other than a few minor things, but that won’t take up much judicial labor.”

. See Remington v. Remington, 705 So.2d 920 (Fla. 4th DCA 1997) (explaining that post-dissolution contempt orders are in the nature of final orders, but that appellate review such orders is governed by Florida Rule of Appellate Procedure 9.130(a)(4)).

. We are free to revisit this prior ruling, see Bill Holt Sales & Leasing, Inc. v. Cousins, 904 So.2d 502, 503 n. 1 (Fla. 1st DCA 2005) (explaining that a ruling by a motion panel is interlocutory and may be reexamined by the merits panel), and we have an obligation to do so because the ruling concerns our jurisdiction.