*1117
 
 WALLACE, Judge.
 

 Terry Gene Bollea, who is better known by his ring name as “Hulk Hogan,” filed an action against multiple defendants asserting various claims arising out of the publication and distribution of a narrative about his extramarital sexual encounter, including excerpts of a video recording of the event.
 
 [1]
 
 A Hungarian limited liability company, Blogwire Hungary Szellemi Al-kotst Hasznost, KFT, now known as Kinja, KFT (Kinja), is one of the defendants named in the action. Kinja filed a motion to dismiss Mr. Bollea’s first amended complaint on two grounds: (1) the failure to state a cause of action against Kinja; and (2) the lack of personal jurisdiction over Kinja.
 

 On January 17, 2014, the circuit court conducted a hearing on Kinja’s motion to dismiss. Four months later, on May 14, 2014, the circuit court entered an order memorializing the ruling made at the January hearing. In that order, the circuit court ruled as follows: “IT IS ORDERED AND ADJUDGED that Kinja’s motion to dismiss for failure to state a claim (regarding jurisdiction) and for lack of personal jurisdiction is DENIED WITHOUT PREJUDICE. Kinja may renew its motion after [Bollea] has an opportunity to take additional jurisdictional discovery.”
 

 At a subsequent hearing held on April 23, 2014, the circuit court once again considered Kinja’s motion to dismiss. The transcript of the circuit court’s ruling at that hearing reflects that the court decided to deny the first ground of Kinja’s motion to dismiss, i.e., the failure to state a cause of action, but once again deferred a definitive ruling on the second ground, i.e., the lack of personal jurisdiction. Unfortunately, the written order entered after the hearing does not differentiate between the two separate grounds on which Kinja’s motion is based. Instead, the order, which was also entered on May 14, 2014, simply declares: “[The][m]otion to dismiss of Defendant Kinja, KFT is DENIED.”
 
 [2]
 
 Kinja has appealed both of the May 14 orders.
 

 As the foregoing procedural history demonstrates, neither of the parties has ever had an opportunity for a full hearing — whether non — evidentiary or eviden-tiary-on the merits of Kinja’s jurisdictional objection in accordance with the procedures outlined in
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502-03 (Fla.1989). In the absence of such a hearing, the circuit court erred in denying Kinja’s motion to dismiss. Accordingly, we reverse the order denying Kinja’s motion to dismiss and remand this case to the circuit court for further proceedings consistent with this opinion.
 
 See Canale v. Rubin,
 
 20 So.3d 463, 469 (Fla. 2d DCA 2009);
 
 Bellairs v. Mohrmann,
 
 716 So.2d 320, 323 (Fla. 2d DCA 1998).
 

 Reversed and remanded.
 

 NORTHCUTT and CRENSHAW, JJ., Concur.
 

 [1]
 

 . This court’s opinion in
 
 Gawker Media, LLC v. Bollea,
 
 129 So.3d 1196 (Fla. 2d DCA 2014), further describes the background of the underlying litigation. We will not detail this information again here.
 

 [2]
 

 . Although the circuit court apparently intended once again to defer a ruling on the jurisdictional aspect of Kinja’s motion to dismiss, the order denying the motion to dismiss does not incorporate such a reservation. On the contrary, the written order expressly denies the motion. Accordingly, we have jurisdiction to hear this matter under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).