NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RABIH YACOMB YOUSSEF,  )
                                         )

       Appellant,  )
                                         )

v.  )          Case No. 2D17-926
                                         )

ISSRRA OSMAN ZAITOUNI,  )
individually and on behalf of  )
R.Y., A.Y., and S.Y., Minors,  )
                                         )

       Appellees.  )
_____)

Opinion filed February 14, 2018.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pinellas
County; Jack Helinger, Judge.

Dineen Pashoukos Wasylik and Jared
M. Krukar of DPW Legal, Tampa, for
Appellant.

William D. Slicker, St. Petersburg, for
Appellees.


ROTHSTEIN-YOUAKIM, Judge.

       Rabih Youssef appeals the trial court's denial of his motion to vacate a

temporary injunction against him for protection against domestic violence and to dismiss

the petition for the injunction on the ground that the court lacked personal jurisdiction

over him.[1]  We agree with Youssef that the court lacked personal jurisdiction over him when it granted the injunction, and we reverse.

Youssef, Issrra Osman Zaitouni, and their three minor children were residents of Ohio, where they had lived for at least five years before the couple's separation.  On or about January 20, 2017, Zaitouni and the children moved to Florida.  On February 1, 2017, in the Sixth Judicial Circuit Court in Pinellas County, Zaitouni petitioned for an injunction for protection against domestic violence.  Youssef was served with process in Ohio and specially appeared in Florida through counsel, asserting that he had been an Ohio resident since "about 2003 or 2004," that he was not a Florida resident, and, therefore, that the trial court lacked personal jurisdiction over him.  We agree.

Section 741.30(6), Florida Statutes (2016), provides:

(d)  A temporary or final judgment on injunction for protection against domestic violence entered pursuant to this section shall, on its face, indicate that:
. . . .
3. The court had jurisdiction over the parties and matter under the laws of Florida . . . .

Florida's long-arm jurisdiction statute, section 48.193, Florida Statutes (2016), lists the limited circumstances in which a person who is not a resident of this state may be subjected to the jurisdiction of this state's courts.  These circumstances include, among other things, when that person carries on business in the state, commits a tortious act within the state, or has an interest in property with the state; circumstances specifically in connection with alimony, child support, and paternity

---

[1]We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(B), (a)(3)(C)(i).

proceedings; and when that person engages in substantial and not isolated activity within the state.  See id.

In denying Youssef's motion to vacate the temporary injunction, the trial court identified three grounds on which it apparently based its exercise of personal jurisdiction:  (1) that Youssef "has family living in Florida"; (2) that Youssef "has 'sent' [Zaitouni] and the children to Florida on approximately six occasions in the past"; and (3) that "[d]uring those times [Youssef] has traveled to Florida to visit his family."  None of these facts, however, either alone or in the aggregate, supports personal jurisdiction over Youssef under section 48.193.  The parties do not dispute that Youssef has no contacts with Florida except that his children and a brother live here.  Although he has vacationed here six times over the course of several years, vacations, without more (such as the commission of a tort while here), do not give rise to personal jurisdiction. See Two Worlds United v. Zylstra, 46 So. 3d 1175, 1178 (Fla. 2d DCA 2010) (holding that coming to Florida a few times a year to visit friends and family neither constitutes "substantial and not isolated activity" under section 48.193 nor establishes sufficient minimum contacts to meet due process requirements).  And although telephonic, electronic, or written communications into Florida from an outside state can establish a basis for personal jurisdiction even absent physical presence if the alleged cause of action arises from the communications, Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002), the evidence established only a single telephonic communication from Youssef into Florida—a text message responding to Zaitouni's text message requesting a copy of her W-2 statement, in which Youssef asked Zaitouni to call him.

The trial court also invoked its "emergency jurisdiction over the minor children" as grounds for denying Youssef's motion. Presumably, the court was referring to temporary emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, §§ 61.501-.542, Fla. Stat. (2016), which permits a court to exercise jurisdiction over a custody proceeding when "the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." § 61.517(1). This section is inapposite; this is not a custody dispute, and the Act does not establish an independent basis for the trial court to exercise personal jurisdiction over Youssef.

Finally, at the hearing, the trial court concluded, without elaboration, that there is a "safety exception" to the long-arm statute "as it relates to domestic violence injunctions." And, on appeal, Zaitouni invites us to find some basis other than section 48.193 for the court's exercise of personal jurisdiction over Youssef or by holding that personal jurisdiction over him was unnecessary. We must decline the invitation. Section 741.30(6)(d)(3) explicitly requires that the trial court have personal jurisdiction over the parties to the injunction, and section 48.193 defines the parameters by which a trial court may exercise personal jurisdiction over a party who is not a Florida resident. Although we understand Zaitouni's concern—and the trial court's protective inclination— we simply cannot subvert the statutory requirements or the due process interests that they implicate.

Because the record provides no support for the trial court's exercise of personal jurisdiction over Youssef under the applicable statutes, we reverse the order

denying Youssef's motion and remand for vacatur of the temporary injunction and dismissal of the petition.[2]

Reversed; remanded with directions.

KELLY and LUCAS, JJ., Concur.

---

[2]Nothing in this opinion, however, should be construed as a determination of the merits of Zaitouni's petition, and we note that if Zaitouni were to obtain an injunction in a state with jurisdiction over Youssef and the injunctive order otherwise comported with 18 U.S.C. § 2265(b) (Supp. 2016), the injunction would be accorded full faith and credit in Florida and fully enforceable.  See id. § 2265(a); § 741.315.