NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FOUNTAINBLEAU, LLC, a South Carolina )
limited liability company and NOAM )
PYADE, individually, )
)
       Petitioners, )
)
v. )     Case No. 2D18-4068
)
HIRE US, INC., a Florida limited liability )
company and AERO DIVERSIFIED )
SERVICES, INC., a Florida profit )
corporation, )
)
       Respondents. )
_____ )

Opinion filed June 7, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Robert A.
Foster, Jr., Judge.

Nicholas A. Brown, Jaret Fuente, and
Jeffrey A. Cohen of Carlton Fields Jorden
Burt, P.A., Tampa, for Petitioners.

Tyler S. Wolas of Wolas Law Group, PLLC,
Largo, for Respondents.

BLACK, Judge.

           Fountainbleau, LLC, and Noam Pyade, defendants in a lawsuit filed by

Hire Us, Inc., and Aero Diversified Services, Inc., seek certiorari review of an order

declining to rule on pending motions, including a motion to dismiss for lack of jurisdiction, and instead sua sponte ordering the parties to arbitrate the motion to dismiss as well as the merits of the lawsuit. Fountainbleau and Mr. Pyade contend that the trial court departed from the essential requirements of law by exercising jurisdiction over the parties—ordering them to arbitration—without first determining whether it had personal jurisdiction over Fountainbleau, a South Carolina corporation, and Mr. Pyade, a South Carolina resident. We grant the petition for writ of certiorari and quash the order on review.

As relevant to the resolution of the petition before us, Hire Us and Aero Diversified (together, Hire Us) filed a second-amended complaint against Fountainbleau and Mr. Pyade (together, Fountainbleau) for breach of oral contract, fraudulent inducement, and unjust enrichment. Contemporaneously, Hire Us served interrogatories and a request for production on Fountainbleau. Fountainbleau immediately filed a motion to dismiss pursuant to Florida Rules of Civil Procedure 1.061 and 1.140, arguing forum non conveniens and lack of personal jurisdiction as required pursuant to Florida's long-arm statute, section 48.193, Florida Statutes (2018). Affidavits from Mr. Pyade individually and as the owner and registered agent of Fountainbleau were attached. Fountainbleau also filed a motion to stay merits discovery until the pending jurisdictional challenge was resolved. Fountainbleau's motion to dismiss was set for hearing, and Hire Us filed a motion to continue the hearing until the discovery-related motion to stay was heard. Ultimately, the motion to dismiss and motion to continue were heard together.

At the hearing, after listening to argument from the parties, the court stated, "I'm taking both motions under advisement and I'm setting [the case] for arbitration."  In response to Fountainbleau's objection to the court's decision, the court stated: "I'm going to take everything under advisement and I'm going to send you to arbitration. . . .  Both clients need to show up."  The court then confirmed that the arbitration was to address the merits of the case, the jurisdictional issues, and attorneys' fees.  On further objection by Fountainbleau, the court reiterated that the arbitrator would decide the jurisdictional challenge as well as the merits of the lawsuit.  The September 14, 2018, order rendered by the court comports with the ruling orally pronounced, referring "the entire action to arbitration, including [the] pending motion to dismiss asserting a lack of personal jurisdiction," directing "that the parties themselves" appear in person "at all future hearings," and "otherwise tak[ing] under advisement" the pending motion to dismiss.

Fountainbleau timely filed this petition seeking certiorari review of the order or otherwise requesting appropriate relief.  As an initial matter, we conclude that a petition for writ of certiorari is the appropriate mechanism for review.  Although the trial court's order requires the parties to attend arbitration, it is not an order determining the "entitlement" of a party to arbitration such that it would be a nonfinal appealable order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).  See Ebbit v. Terminix Int'l Co. Ltd. P'ship, 792 So. 2d 1275, 1276 (Fla. 4th DCA 2001); cf. Avatar Props., Inc. v. Greetham, 27 So. 3d 764, 765 n.1 (Fla. 2d DCA 2010) (distinguishing Ebbit where the order on appeal determined a contractual right, i.e., entitlement to

- 3 -

arbitration).[1] Similarly, the order is not an appealable nonfinal order determining the court's jurisdiction over Fountainbleau because the order specifically refers the issue of jurisdiction to the arbitrator and otherwise takes the issue "under advisement." See Fla. R. App. P. 9.130(a)(3)(C)(i); Frier v. Frier, 13 So. 3d 145, 146 (Fla. 1st DCA 2009) ("To fall within the scope of [rule 9.130(a)(3)(C)(i)], . . . an order must actually make a determination as to personal jurisdiction."); cf. Blogwire Hungary Szellemi Alkotást Hasznosító v. Bollea, 162 So. 3d 1116, 1117 n.2 (Fla. 2d DCA 2015) ("Although the circuit court apparently intended once again to defer a ruling on the jurisdictional aspect of [the] motion to dismiss, the order denying the motion to dismiss does not incorporate such a reservation. . . . Accordingly, we have jurisdiction to hear this matter under [rule] 9.130(a)(3)(C)(i)."); Sprint Corp. v. Telimagine, Inc., 923 So. 2d 525, 527-28 (Fla. 2d DCA 2005) ("By exercising jurisdiction over Sprint Corp. when issuing the temporary injunction, the trial court implicitly denied Spring Corp.'s motion to dismiss.").

"Before a court may grant certiorari relief . . . the petitioner must establish the following three elements: '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.' " Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). The latter

_____

[1]Although Fountainbleau and Hire Us agree that the court ordered the parties to nonbinding arbitration pursuant to section 44.103, Florida Statutes (2018), the court did not reference the statute or use the phrase "nonbinding arbitration" at any point during the hearing or in the order on review. See § 44.103(2) ("A court, pursuant to rules adopted by the Supreme Court, may refer any contested civil action filed in a circuit or county court to nonbinding arbitration."). Nonetheless, that does appear to be the only possible basis upon which the court could have entered the order as there is no written agreement and the claims raised by Hire Us are not statutorily required to be arbitrated.

two elements are jurisdictional, id., and certiorari jurisdiction is established "where an 'order implicates a violation of the parties' constitutional rights which cannot be remedied on plenary review,' " Gundel v. AV Homes, Inc., 264 So. 3d 304, 310 (Fla. 2d DCA 2019) (quoting Rodriguez ex rel. Posso-Rodriguez v. Feinstein, 734 So. 2d 1162, 1163 (Fla. 3d DCA 1999)).  That there exists a mechanism for correcting the error via postjudgment appeal is not determinative of this court's jurisdiction; "rather, the remedy must alleviate the harm that results from the error." Id. at 311 (quoting Gawker Media, LLC v. Bollea, 170 So. 3d 125, 132 (Fla. 2d DCA 2015)).

Here, the trial court has been asked to determine whether the complaint against a South Carolina corporation and a South Carolina resident alleges sufficient facts to comply with the due process and other constitutional considerations set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  The material injury which cannot be corrected on plenary review is the trial court's exercise of jurisdiction over Fountainbleau by requiring Fountainbleau to appear and participate in arbitration where the court has not yet determined its jurisdiction over Fountainbleau.  If orders deferring consideration of motions to dismiss based on a lack of personal jurisdiction in favor of ordering the entire action to arbitration—including jurisdictional determinations—are not subject to certiorari review, due process rights and rights afforded by section 48.193 are illusory and the policy inherent in subjecting nonresidents to Florida courts' jurisdiction becomes meaningless.  See Gundel, 264 So. 3d at 311 (quoting Keck v. Eminisor, 104 So. 3d 359, 365-66 (Fla. 2012)); cf. Kauffman v. King, 89 So. 2d 24, 26 (Fla. 1956) (granting the petition for writ of certiorari and finding "that it is palpably unjust to require [petitioner] to incur the expense and be

subjected to the inconvenience of defending this suit in Da[d]e County and, in the event of an adverse verdict . . . to have to spend additional time and money to defend it again in Palm Beach County" such that petitioner's "remedy by appeal is . . . inadequate").

Having determined that we have certiorari jurisdiction, we next consider whether the trial court departed from the essential requirements of law when it ordered the parties to arbitrate the case without first determining whether personal jurisdiction over Fountainbleau has been established.

"Personal jurisdiction refers to whether the actions of an individual or business entity as set forth in the applicable statutes permit the court to exercise jurisdiction in a lawsuit brought against the individual or business entity in this state." Borden v. E.-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006). And personal jurisdiction is "necessary before a defendant, either an individual or business entity, may be compelled to answer a claim brought in a court of law." Id. Section 48.193, Florida's long-arm jurisdiction statute, "defines the parameters by which a trial court may exercise personal jurisdiction over a party who is not a Florida resident." Youssef v. Zaitouni, 241 So. 3d 901, 903 (Fla. 2d DCA 2018). A court's exercise of long-arm jurisdiction outside of the limited circumstances set forth in section 48.193 is a departure from the essential requirements of law. See Kauffman, 89 So. 2d at 26 ("The trial judge departed from the essential requirements of the law in denying to the resident defendants a privilege granted to them by statute[.]"); Citizens Prop. Ins. Corp. v. Trapeo, 136 So. 3d 670, 676 (Fla. 2d DCA 2014) (" 'It is only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order

does not conform to the essential requirements of law' that certiorari relief is appropriate." (quoting Kauffman, 89 So. 2d at 26)).

Courts of this state "simply cannot subvert the statutory requirements or the due process interests that they implicate." Youssef, 241 So. 3d at 903. Those due process interests limit "the State's adjudication authority[,] principally protect[ing] the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." Estes v. Rodin, 259 So. 3d 183, 192 (Fla. 3d DCA 2018) (quoting Walden v. Fiore, 571 U.S. 277, 284 (2014)); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("Due process requires that the defendant . . . be subject to the personal jurisdiction of the court." (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))); Logitech Cargo, U.S.A., Corp. v. JW Perry, Inc., 817 So. 2d 1033, 1035 (Fla. 3d DCA 2002) ("The whole point of our jurisdiction and venue laws is not to hale defendants into foreign jurisdictions where they are not seeking affirmative relief."). In that respect, it seems evident that in order to apply and enforce a statute of this state the court must first determine that it has jurisdiction, both subject matter and personal.[2] See Humphrey v. Deutsche Bank Nat'l Tr. Co., 113 So. 3d 1019, 1019 (Fla. 2d DCA 2013) ("[T]he court never secured personal jurisdiction over Humphrey and, thus, had no power over him. That being so, the court had no authority to direct Humphrey to do anything."); cf. Johns v. Taramita, 132 F. Supp. 2d 1021, 1027 (S.D. Fla. 2001) ("[T]he

---

[2]The fact that orders determining personal jurisdiction are reviewable under rule 9.130 as nonfinal appealable orders also supports that determinations of personal jurisdiction must be made prior to any other action or order of the court. See Fla. R. App. P. 9.130(a)(3)(C)(i).

court lacks the power to enforce the agreement because it does not have personal jurisdiction over the respondent.").

"The determination of jurisdictional disputes . . . must be made by a court of law." Curtis v. Olson, 837 So. 2d 1155, 1157 (Fla. 1st DCA 2003). "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is [the] power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Trerice v. Trerice, 250 So. 3d 695, 697 (Fla. 4th DCA 2018) (quoting Griffith v. Fla. Parole & Prob. Comm'n, 485 So. 2d 818, 821 (Fla. 1986)); see also Springbrook Commons, Ltd. v. Brown, 761 So. 2d 1192, 1194 (Fla. 4th DCA 2000) ("If the court is to exercise its power over a person it must have jurisdiction over that individual."); cf. § 682.181(1), Fla. Stat. (2018) ("A court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate." (emphasis added)); Kintzele v. J.B. & Sons, Inc., 658 So. 2d 130, 132 (Fla. 1st DCA 1995) ("On questions of arbitrators' 'in personam' jurisdiction, the parties are entitled to judicial interpretation of the pertinent contractual language." (emphasis added)). Thus, before the court could invoke the nonbinding arbitration statute, section 44.103, Florida Statutes (2018), and refer the action to arbitration, it was required to determine that it had personal jurisdiction over Fountainbleau. See Camp Illahee Inv'rs, Inc. v. Blackman, 870 So. 2d 80, 84 (Fla. 2d DCA 2003) ("[B]efore reaching the issue of forum non conveniens under Florida Rule of Civil Procedure 1.061, the trial court was required to first determine whether it had in personam jurisdiction in accordance with the two-prong test." (emphasis added)); La Reunion Francaise, S.A. v. La Costena, 818 So. 2d 657, 659 (Fla. 3d DCA 2002)

- 8 -

(concluding that there was no personal jurisdiction over the foreign defendant and therefore no need to reach other issues raised in the motion to dismiss, including the issue of forum non conveniens); cf. CT Miami, LLC v. Samsung Elecs. Latinoamerica Miami, Inc., 201 So. 3d 85, 92 (Fla. 3d DCA 2015) ("Arbitrators have no inherent authority over a dispute or the parties to that dispute . . . .").

Here, the court's failure to determine its jurisdiction in the first instance is a departure from the requirements of law and is an act in excess of its jurisdiction. Without ruling on the contested jurisdictional issue, the court entered an order which required the exercise of jurisdiction.  Accordingly, the petition for writ of certiorari is granted, and the September 14, 2018, order referring the lawsuit to arbitration is quashed.

Petition granted; order quashed.

LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.