# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1005
Lower Tribunal No. 23-190260-CC-05
_____

**Baha Benyamin,**
Appellant,

vs.

**450 North River Drive, LLC,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Miesha Darrough, Judge.

Hodson Law Firm, P.A., and Donald J. Hodson, for appellant.

Levine & Partners, P.A., and Allan S. Reiss, for appellee.

Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

## ON MOTION TO DISMISS

Baha Benyamin ("Benyamin") appeals a non-final order in favor of 450 North River Drive, LLC ("450 North River") asserting it is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We find the non-final order did not determine jurisdiction of the person as required by rule 9.130(a)(3)(C)(i), and therefore dismiss the appeal for lack of jurisdiction.

The non-final order on appeal denied Benyamin's motion to quash service of process and to dismiss 450 North River's complaint. Because the non-final order did not actually adjudicate and determine the personal jurisdiction issue, we dismiss the appeal for lack of jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(i) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . determine . . . jurisdiction of the person."); Frier v. Frier, 13 So. 3d 145, 146 (Fla. 1st DCA 2009) ("[O]nly those interlocutory orders that determine issues involving service of process or applicability of the long arm statute are appealable under this section of Florida Rule of Appellate Procedure 9.130. To fall within the scope of the rule, however, an order must actually make a determination as to personal jurisdiction. Therefore, where a motion challenging the trial court's in personam jurisdiction is denied without necessarily making a determination as to whether the court has jurisdiction over the person, the order is not

2

appealable as an order that determined jurisdiction of the person.") (internal quotation and citation omitted); <u>Dexx Med. Indus., CA v. Fitesa Naotecidos S.A.</u>, 346 So. 3d 1215, 1217-18 (Fla. 3d DCA 2022) ("We find the challenged non-final order[] do[es] not make the necessary determination of jurisdiction to trigger rule 9.130(a)(3)(C)(i)'s applicability . . . We are bound by this Court's precedent, the relevant rule and the four corners of the trial court's order when making a jurisdictional inquiry.  We therefore must dismiss a non-final order that does not determine the issue of jurisdiction.").

Dismissed.